UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-153 |
| GENERAL C. HARRIS, III | SECTION: R(2) |

**ORDER AND REASONS**

Before the Court is petitioner General Harris's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255[1] and the government's motion to dismiss Harris's petition for relief.[2]  Because Harris's petition is time-barred, the Court DISMISSES Harris's petition and GRANTS and the government's motion.

**I.   BACKGROUND**

On June 2, 2006, Harris was indicted on three counts of Social Security fraud under 42 U.S.C. § 408(a)(7)(B).[3]  Harris appeared with counsel and entered a guilty plea on April 18, 2007.[4]  On October 31, 2007, this Court sentenced Harris to 20 months imprisonment as to Counts 1, 2, and 3 to run

---

[1]   (R. Doc. 50.)

[2]   (R. Doc. 52.)

[3]   (R. Doc. 1.)

[4]   (R. Doc. 23.)

concurrently.[5]  Judgment was entered on November 2, 2007,[6] and Harris did not appeal.  On January 17, 2008, Harris was convicted in the 230th District Court of Harris County, Texas for engaging in organized crime and sentenced to 15 years imprisonment.[7]  Harris is currently serving his state sentence, and the federal sentence imposed by this Court will not commence until after the state sentence is completed.[8]

On September 24, 2009, Harris filed a motion for presentence credit in this Court.[9]  The Court construed that motion as a habeas corpus petition under 28 U.S.C. § 2241 and transferred it to the United States District Court for the Eastern District of Texas, where Harris is currently serving his state court sentence.[10]  Harris now moves to correct his sentence under section 2255.  He contends that he received ineffective assistance of counsel because his attorney informed him, before he pleaded guilty, that his federal sentence would run concurrently with his state sentence.  Harris states that he would not have entered a guilty plea had he known that the two

---

[5]   (R. Doc. 42.)

[6]   (*Id.*)

[7]   (R. Doc. 47-2.)

[8]   (R. Doc. 45 at 3.)

[9]   (R. Doc. 45.)

[10]  (R. Doc. 48.)

sentences would run consecutively.  The government moves to dismiss Harris's petition without an evidentiary hearing.[11]

**II.  DISCUSSION**

**A.  Timeliness**

As Harris did not appeal this Court's judgment, his conviction and sentence became final on November 12, 2007, ten days after entry of judgment.[12]  *See* Fed. R. App. P. 4(b)(1). Harris mailed the instant motion to the Court no earlier than December 3, 2010,[13] more than three years after his conviction became final.  Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

[11]   (R. Doc. 52.)

[12]   Rule 4(b)(1) of the Federal Rules of Appellate Procedure was amended in 2009 to allow 14 days after the entry of judgment for filing of an appeal.

[13]   (R. Doc. 50 at 13.)

>     retroactively applicable to cases on collateral review;
>     or;
>
>     (4) the date on which the facts supporting the claim or
>     claims presented could have been discovered through the
>     exercise of due diligence.

28 U.S.C. § 2255(f).  Harris's petition was filed more than one year after his conviction became final, and he does not contend that any governmental action impeded his ability to request post-conviction relief.  He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case, or that he lacked facts to support his claim.  Instead, Harris contends that section 2255's one-year statute of limitations should not bar his petition because "it has taken [him] a number of years to learn the law to know how to properly file a writ and present the issue of ineffective assistance of counsel."[14]  The Court understands Harris's statement as an argument for equitable tolling of the section 2255 statute of limitations.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).  Section 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling."  *Id.*  It is permitted, however, only in rare and

---

[14]   (R. Doc. 50 at 12.)

4

exceptional circumstances, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *Id.* The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing of his § 2255 motion." *Id. (quoting Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

The Court finds that Harris has not met his burden of showing either that the pursued his rights diligently or that some extraordinary circumstance prevented him from timely filling his petition. That Harris was unfamiliar with the law or the process for filing his petition is insufficient. The Fifth Circuit has explained that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). Without more, Harris is not entitled to equitable tolling, and his petition must be dismissed.

**B.   Certificate of Appealability**

The Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  *Rules Governing Section 2255 Proceedings*, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Id.* at 336.  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

 Harris's motion does not satisfy these standards.  A petitioner must bring his section 2255 petition within one year of the date his conviction became final.  28 U.S.C. § 2255(f).

6

Harris allowed substantially more than one year to lapse.  He has identified no governmental action that impeded his ability to request post-conviction relief.  Nor does he assert a newly recognized and retroactively applicable right that would entitle him to relief, or that he lacked sufficient facts to support his claim.  And his unfamiliarity with the law is not a sufficient justification for equitable tolling.  Thus, his petition is time-barred, and the issue would not engender debate among reasonable jurists.

**III. CONCLUSION**

   For the foregoing reasons, Harris's motion is DISMISSED and the government's motion is GRANTED.  The Court will not issue a certificate of appealability.

   New Orleans, Louisiana, this 19th day of April, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE